CARL LEE JOHNSON *v.* STATE OF INDIANA.

[No. 677S452. Filed March 10, 1978.]

*George Glendening,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles D. Rodgers,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was tried and convicted of murder in the first degree. A sentence of life imprisonment was imposed.

On June 1, 1976, appellant shot Adell Mead following a fight earlier that day. Appellant then drove Mead's car to the house of Era Mae Feagin, where he stated to her and relatives present that he had just killed Mead by shooting him in the head. Appellant was laughing as he related the story of his wanting to kill Mead because of a fight in which Mead had pulled a knife on him. He invited Feagin to observe the car's interior where she saw that it was stained with blood. Appellant then went to Feagin's house and cleaned his gun after threatening Feagin and two others about not telling the police. Appellant then left the Feagin house. Mead's body was later found in a ditch. Appellant admitted he had placed it there.

Appellant first claims there is insufficient evidence to show the element of premeditation. This Court will not weigh the evidence or determine the credibility of the witnesses. *Tewell* v. *State,* (1976) 264 Ind. 88, 339 N.E.2d 792.

Premeditation may be proved by both direct and circumstantial evidence. *Sanders* v. *State,* (1972) 259 Ind. 43, 284 N.E.2d 751; *Wahl* v. *State,* (1951) 229 Ind. 521, 98 N.E.2d 671. In *McCurdy* v. *State,* (1975) 263 Ind. 66, 73, 324 N.E.2d 489, 494, Justice Hunter stated, "[p]remeditation is a mental function which is generally susceptible of proof only by the external manifestations of the perpetrator." In the case at bar, the above-stated evidence clearly shows that the jury was well within the facts presented to find that appellant had killed Mead with premeditation. Although the appellant injected the defense of self-defense, it was the province of the jury to accept or reject

all or any part of his testimony in that regard. *White* v. *State,* (1976) 265 Ind. 32, 349 N.E.2d 156.

Appellant claims the trial court erred in permitting a written statement given to police by witness Feagin to be introduced in evidence. The statement was not introduced on direct examination. On cross-examination defense counsel used the statement in an attempt to impeach the credibility of Feagin's testimony. The trial court then permitted the State to introduce the entire statement on redirect examination. The trial court relied on the authority of *Patterson* v. *State,* (1975) 263 Ind. 55, 324 N.E.2d 482. In that case this Court held a statement was admissible on the ground that the out-of-court asserter was in court available for cross examination as to the statement. In the case at bar Feagin was on the stand and available for cross-examination regarding the entire statement she had given to the police. The trial court was correct in overruling the objection to the admission of the statement.

The trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE.—Reported at 373 N.E.2d 169.