James H. INGRAM, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1080S393.

Supreme Court of Indiana.

Sept. 28, 1981.

Dolores Goldman, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of two (2) counts of Murder, Ind.Code § 35–42–1–1 (Burns 1979), after trial by jury and sentenced to consecutive sentences of imprisonment for fifty (50) years upon each.

Under the "Statement of Issues" section of his brief, we find the following:

"The issues of fact were formed by the Indictments charging the appellant with two counts of Murder and a third count of Capital Murder, (Tr. pp. 10–14) and appellant's plea of Not Guilty entered April 3, 1979, (Tr. p. 19)."

These are the issues which were before the trial court, and this statement presents nothing for review to this Court. *McCra-*

*ney v. State,* (1981) Ind., 425 N.E.2d 151; Ind.R.App.P. 8.3(A)(3).

The argument section of the brief presents six issues preserved for appellate review by the motion to correct errors. However, it is there conceded that four of such issues are without merit. Thus we are here concerned with two issues:

(1) Whether the trial court erred in denying the defendant's motion for a directed verdict made at the close of the State's evidence.

(2) Whether the trial court erred in sustaining the State's relevancy objections to questions propounded to a State's witness on cross-examination.

\* \* \* \* \* \*

## ISSUE I

■ Defendant contends that the trial court erred in denying his motion for a directed verdict, at the close of the State's evidence. This assignment is not available, however, inasmuch as he did not stand upon the motion but introduced evidence in his defense. *Miller v. State,* (1981) Ind., 417 N.E.2d 339, 340; *Love v. State,* (1980) Ind., 400 N.E.2d 1371, 1374. Nevertheless, in this instance, we have reviewed the evidence as if a proper challenge to the sufficiency of the evidence had been assigned, to assure that a meritorious appeal not be defeated by a procedural error.

■ Defendant was charged with killing his wife, Lucy, and their daughter, Omega, while committing arson. The evidence viewed in a light most favorable to the verdict, reveals that the defendant and his brother, Maurice Gaines, acted in concert to burn down an apartment building in Gary, Indiana. Omega, Lucy's two sons, Anthony and Edward French, Lucy's sister, Earline French, and Earline's children were in Lucy's apartment on the night of the fire. The defendant was at the building only moments before the fire began. Anthony saw the defendant enter the building with two gasoline cans. He heard the sound of pouring liquid and heard the fire start. Gaines and the defendant then fled by automobile. Earline French attempted to save as many persons from the apartment as she could; however, she could not reach Omega, who was later found dead. Earline, expecting Lucy to follow, jumped out a window.

■ Defendant and Lucy were estranged a few days prior to the fire, she had refused to speak to him on the telephone and he threatened her, saying that she had better stay off the street. There was substantial evidence from which the jury could find that the cause of the fire was arson, and the defendant's claim that there was a failure of proof that defendant knowingly and intentionally set the fire is without merit.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, the verdict will not be disturbed, (citation omitted). In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses, (citation omitted)." *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

We find that the evidence is sufficient to support the convictions.

## ISSUE II

The owner of the burned apartment, Mr. Otano, testified in the State's case in chief that he had not given anybody permission to burn the building. On cross-examination, defense counsel was permitted to question him as to when he had purchased the building, how much he had paid for it and whether or not it was insured. Then, apparently to point the finger of suspicion at Mr. Otano, counsel asked the following questions, but the State's objection to each was sustained.

"How much was it insured for?

"How much did you collect from the insurance company for the building?

"Mr. Otano, do you own an interest in Otano's Auto Sales that was destroyed by fire earlier?

"Mr. Otano, do you own any other properties that were destroyed by fire?

"How many times in the last five years have you collected from insurance companies for fire loss, Mr. Otano?

Defendant contends that the trial court excluded the evidence as irrelevant, which may or may not be correct. True, the State's stated grounds for the objections were that the questions were irrelevant, and the court did sustain the objections, but without stating the reasons for such rulings.

The trial judge has broad discretion in controlling the order of proof, *Diggs v. State*, (1977) 266 Ind. 547, 551, 364 N.E.2d 1176, 1178, and cross-examination, *Baldwin v. State*, (1980) Ind., 411 N.E.2d 605, 608. In general, we hold to the rule that cross-examination must lie within the scope of the direct examination or it may be properly excluded. The questions were not within the scope of the direct examination of the witness, and we find no error in their having been excluded.

If the defendant had evidence supporting a theory of defense that one other than himself had a motive for the crime and was a more likely suspect, the time for presentation was during the defense phase of the trial.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.