**James INGRAM, Appellant**
**(Petitioner below),**

v.

**STATE of Indiana, Appellee**
**(Respondent below).**

No. 785S272.

Supreme Court of Indiana.

June 12, 1987.

Susan K. Carpenter, Public Defender, William L. Touchette, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner-Appellant James H. Ingram filed a *pro se* Petition for Post-Conviction Relief which was denied on January 8, 1985. When Ingram originally was tried in 1979 on two counts of murder while committing arson, the State requested the death penalty. The jury was unable to agree on a verdict and the proceedings resulted in a mistrial. The State then withdrew the death penalty request. Ingram was retried, resulting in a conviction of two counts of Murder. He was sentenced to two consecutive fifty (50) year terms of imprisonment. His convictions were affirmed in *Ingram v. State* (1981), Ind., 426 N.E.2d 18. In this appeal from the denial of his post-conviction petition, Ingram presents three issues:

1. sufficiency of the evidence;

2. fundamental error in the impeachment of a witness; and

3. ineffective assistance of appellate counsel.

■ We first note that Ingram has the burden of proving his grounds for relief in a post-conviction proceeding by a preponderance of the evidence. *Music v. State* (1986), Ind., 489 N.E.2d 949, 950. We will not reweigh the evidence or judge the credibility of witnesses and will not set aside the court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Music*, 489 N.E.2d at 950; *Mato v. State* (1985), Ind., 478 N.E.2d 57, 62.

## I

■ Ingram claims the post-conviction court erred in finding there was sufficient evidence to support his conviction. This issue is *res judicata* as it was previously resolved adverse to Ingram's position in his original appeal. *Ingram*, 426 N.E.2d at 19. In the original appeal we found the issue was improperly raised procedurally. However, we considered it to assure that a meritorious appeal not be defeated by procedural error. The record clearly demonstrated there was more than adequate probative evidence supporting the jury's verdict of guilt. The evidence showed Ingram and his brother, Maurice Gaines, acted in concert to burn down an apartment building in Gary, Indiana. Ingram was charged with killing his wife, Lucy, and their daughter, Omega, while committing arson. There was evidence the building was burned by the use of gasoline as an accelerant. Witnesses testified that Ingram had told certain persons of his intentions to kill Lucy, his estranged wife, rather than divorce her. Lucy's eleven year-old son, Anthony French, was the primary witness against Ingram. Anthony testified he saw Ingram and Gaines enter the building with two gasoline cans, a shot-gun, and some rags. He heard the sound of pouring liquid and heard the fire start. He then saw Ingram and Gaines leave in Ingram's automobile and observed the building to be in flames.

Ingram maintains this Court could not have objectively weighed the sufficiency issue in the original appeal in light of his appellate counsel's statement that there was sufficient evidence supporting the conviction and the inadequate adversarial briefing. Ingram contends that the outcome on direct appeal might have been different had his appellate counsel argued the appeal differently. This contention is without merit. Ingram's argument merely questions the credibility of the witnesses. We do not reweigh the evidence as that is the province of the jury. *Garland v. State* (1982), Ind., 439 N.E.2d 606, 610. Since there clearly was sufficient probative evidence before the jury, the post-conviction court properly denied relief on this issue.

## II

■ Ingram claims the trial court committed fundamental error by permitting Gaines to be cross-examined concerning his conduct with regard to another witness. The permitting or refusing of cross-examination will not be grounds for reversal unless an abuse of discretion is demonstrated. Evidence pertaining to threats or other attempts to influence a witness is permissible on cross-examination since it reflects on the credibility of the witness. *Hardin v. State* (1981), 275 Ind. 63, 414 N.E.2d 570, 572.

■ Gaines originally was Ingram's co-defendant. Prior to Ingram's second trial, Gaines was tried separately and acquitted. During Ingram's second trial, Gaines was called as a defense witness and testified concerning his alibi during the time the crime was committed. On cross-examination the State was permitted, over objection, to ask Gaines whether, on an occasion after the crime, he had thrown a stick at or threatened Anthony French. This impeachment questioning was not directed to a prior bad act of Gaines, inferring Gaines had a deficient character and was therefore less credible. Rather, the impeachment went to whether Gaines had intimidated a witness.

Ingram claims the questioning was so inflammatory and prejudicial that it amounted to fundamental error. The jury had already heard Anthony French testify that Gaines and Ingram committed the crimes. Also, the defense was prohibited from informing the jury that Gaines had been acquitted of the crimes for which Ingram was being tried. Ingram claims that since Gaines thus appeared to be a defendant-witness, the impeaching questions encouraged the jury to infer that Gaines had threatened the boy to protect himself and Ingram. We see no merit to this contention. Gaines was testifying as to his own involvement in the incident. The questions were directed to his actions and not Ingram's. Further, Gaines denied he had ever threatened Anthony French in any manner.

In any event, the admission of the testimony did not amount to fundamental error. Fundamental error is a blatant error creating a substantial potential for harm. *Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1087. Such errors have been described as a failure to meet the requirements of due process of law since they involve violations of basic elementary principals. *Nelson v. State* (1980), 274 Ind. 218, 220, 409 N.E.2d 637, 638. In *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, 1263, fundamental error was described as error which is so egregious that it must be decided by the appellate court because of its fundamental nature. It does not appear the trial court here abused its discretion by permitting the testimony. Ingram therefore fails to carry his burden of establishing prejudice or harm. *Bradford v. State* (1983), Ind., 453 N.E.2d 250, 252.

### III

Finally, Ingram claims ineffective assistance of appellate counsel in his direct appeal. To carry his burden on this issue, he must show deficient performance by counsel and resulting prejudice so serious as to deprive him of an effective appeal. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Elliott v. State* (1984), Ind., 465

N.E.2d 707, 710. He must show the identified acts or omissions of counsel were outside the wide range of professionally competent assistance consistent with elaborated professional norms. He must further show there is a reasonable probability but for counsel's unprofessional errors, the result of the proceeding would have been different. *Haggenjos v. State* (1986), Ind., 493 N.E.2d 448, 451. We will not reverse due to choice of strategy where it appears counsel exercised professional judgment. Isolated poor strategy, inexperience, or bad tactics do not necessarily constitute ineffective assistance. *Van Evey v. State* (1986), Ind., 499 N.E.2d 245, 247.

Ingram's complaints consist of general allegations of omissions. He claims his appellate counsel failed to strictly comply with Appellate Rule 8.3, citing *Burton v. State* (1983), Ind., 455 N.E.2d 938, 939–40:

"The appellant's brief is defective to the degree that, in substance, we have no appeal before us at all. In particular, we have neither cogent argument nor citation of authority before this Court. Meager *pro forma* compliance with the Rules of Appellate Practice represents less than desired performance from appellate counsel...."

While appellate counsel's handling of the "statement of issues," the "statement of the case" and the "statement of the facts" are not of the highest quality, the deficiencies are not as substantial as those in *Burton*, and will not nullify the appeal. Six issues were presented. The arguments set out the contentions, refer to the record, and attempt to show how the issues and contentions relate to the facts. Although accomplished in a cursory manner by counsel, the brief sufficiently enabled the court to reach the issues.

Ingram further complains his appellate counsel failed to raise all issues contained in the Motion to Correct Errors. He contends that counsel is obliged to brief all issues contained in the motion regardless of counsel's opinion as to the merits of those issues. However, the Public Defender's office need not raise on appeal an issue

that appears to be an improper subject for post-conviction relief or is deemed frivolous by counsel as a matter of professional judgment. *Music*, 489 N.E.2d at 950–51. It is incumbent on appointed counsel to advance on appeal all issues that are not frivolous. *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987. Following *Jones*, this Court held that criminal appellants do not have an absolute right to require appellate counsel to raise and argue every issue that the appellant desires to be raised on appeal. *Smith v. State* (1985), Ind., 475 N.E.2d 1139, 1144.

▉ At the post-conviction hearing, Ingram waived all issues raised in his Motion to Correct Errors and raised only the issues of sufficiency of the evidence and fundamental error in the cross-examination of Gaines, an issue which was not raised in the Motion to Correct Errors. This action seems to endorse his appellate counsel's decision not to brief the waived issues and to contradict any claim of prejudice. Furthermore, Ingram complains generally that all issues were not presented but fails to point to any issue that would merit reversal had it been raised on his direct appeal or given the opportunity to raise it now. He neither presented to the post-conviction court nor to this Court any issue that is sufficient to merit a change in the results of his original appeal. Therefore his general allegation, that all issues were not briefed, presents nothing for us to consider. Ingram has failed to meet his burden on this issue.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.