**Jimmy Wayne MORGAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 981S247.

Supreme Court of Indiana.

Oct. 20, 1982.

John C. Wood, Howard County Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The defendant-appellant, Jimmy Wayne Morgan, was convicted by a jury of theft, a class D felony, Ind.Code § 35–43–4–2 (Burns Supp.1982), and was found to be an habitual offender, Ind.Code § 35–50–2–8 (Burns Supp.1982). He was sentenced to a term of four years for the theft conviction and received an additional thirty year term on the habitual offender finding. Defendant raises several issues in this direct appeal:

(1) Whether the trial court erred in denying defendant's motion for transcripts of prior proceedings.

(2) Whether the trial court erred in denying defendant's requests for continuances to depose several of the State's witnesses.

(3) Whether the trial court erred in denying defendant's motion for judgment on the evidence because of a variance between the information charging defendant with being an habitual offender and the proof adduced at his trial on that charge.

(4) Whether there was sufficient evidence to support the theft conviction.

(5) Whether proof of prior convictions used to support an habitual offender finding may consist solely of parol testimony.

I.

The defendant filed a pre-trial "Motion for Transcript of Related Proceedings/Motion to Dismiss Underlying Felony on Count II". In his motion, he requested the production at public expense of the "transcript of Morgan's trial held in the Howard Superior Court, Division I, Cause Number 1124" as well as of the "transcript of Morgan's trial held in the Howard Circuit Court, Cause Number 5203." The trial judge denied this motion. Defendant contends that his indigence prevented him from obtaining these transcripts and that he was denied due process of law by not being afforded the opportunity to investigate the "legality and propriety" of the prior convictions used for enhancement of his sentence under the habitual offender statute.

■ A defendant may raise as a defense in a proceeding under a recidivist statute the asserted invalidity of those prior convictions used to enhance his punishment if he can show, for instance, that he was not adequately represented by counsel or knowingly and intelligently waived such representation at the time of these convictions. *Burgett v. Texas,* (1967) 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319; *Hall v. State,* (1980) Ind., 405 N.E.2d 530. Since such

attack may be available in the case of a prior conviction that is constitutionally infirm, existing court records reflecting such prior proceedings should be made available to indigent defendants upon a proper request. Cf. Ind.R.Crim.P. 10 and 11. In the instant case, however, the trial court properly denied defendant's request for transcripts of his previous "trials" since his prior convictions were entered upon guilty pleas, and no trials were held. Moreover, there is much material in an entire trial transcript which has no potential pertinence to showing a constitutionally infirm conviction. Defendant's motion to produce transcripts was correctly denied by the trial court.

## II.

Defendant next contends that he should have been granted the continuances he requested at trial to depose several of the State's witnesses. Defendant's pre-trial motion for discovery, granted by the trial court, requested, *inter alia,* a list of the names and addresses of witnesses who the State planned to use in its prosecution of this case. The State made its entire case file, including the informations filed on both charges, available to the defendant. Endorsed as "witnesses" on the information filed on the theft charge were Joseph Wainwright, Thomas and Tammara Barlow and Brian Newlon. The name of Fred G. Osborn appeared on the information filed on the habitual offender charge.

As a supplement to the discovery of the State's complete file, the deputy prosecuting attorney sent defendant's counsel a letter listing several additional possible witnesses. Defendant asserts that he should have been granted the continuances he requested at trial to depose those witnesses called to testify who were listed on the informations but not noted in the deputy prosecuting attorney's letter.

█ It is settled that in the absence of a paramount interest in nondisclosure, the identity of the State's witnesses should be disclosed, and if the State fails to disclose its witnesses, a proper remedy is a continu-

ance. *Anderson v. State,* (1979) Ind.App., 393 N.E.2d 238, reh. denied (1979); *Butler v. State,* (1978) Ind.App., 372 N.E.2d 190. Here, however, there was no failure to disclose any of the witnesses called by the State and objected to by defendant at trial. Continuances were requested to depose Wainwright, the Barlows, Newlon and Osborn, all of whom were listed on the charging instruments. The letter sent by the deputy prosecuting attorney and allegedly relied upon by the defendant as a complete list of possible witnesses did not purport to be an exclusive listing. There was, and could be, no contention that defendant's counsel was surprised by these witnesses or "compelled to manuever in a factual vacuum." *Johns v. State,* (1968) 251 Ind. 172, 240 N.E.2d 60. Thus, the trial court's denial of defendant's request for continuances to depose those witnesses listed on the charging informations made available to him prior to trial was not error.

## III.

█ Defendant next argues that the variance between the information on the habitual offender charge, which indicated that one of defendant's prior convictions (to be used to support enhancement of his sentence under Ind.Code § 35–50–2–8) was for robbery, and the proof introduced at trial, which showed that defendant's prior conviction was for armed robbery, was fatal and that therefore there was no sufficient evidence to find defendant to be an habitual offender. He contends that his motion for judgment on the evidence on this charge should have been granted.

There is no doubt that there was a variance here. The information charging the defendant with being an habitual offender states in part that "on or about the 26th day of June, 1969, in Cause No. 5203, Circuit Court, Howard County, Indiana, the defendant, Jimmy Wayne Morgan, was convicted of a felony, to-wit: Robbery." The testimony proffered at trial by the prosecutor and assigned defense counsel who had been involved with that case showed that defendant had pleaded guilty to and been sentenced for armed robbery.

This variance, however, does not require reversal. Defendant could not claim to have been misled in his defense against the allegation of habitual criminality by this variance. The date, court and cause number alleged were all identical. Defendant himself referred to his armed robbery conviction as a robbery conviction in a memorandum in support of his pre-trial motion to dismiss. Defendant has shown no unfairness caused by this variance, and there is no reversible error.

### IV.

Defendant also contends that there was insufficient evidence to support the verdict of the jury on the theft conviction. Ind. Code § 35–43–4–2(a) provides:

"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony."

■■■ The record shows that there was a fire at 1207 South Main Street in Kokomo, Indiana on the morning of May 24, 1980. At approximately 6:25 that evening, Thomas and Tammara Barlow, who lived next door to the 1207 South Main property, noticed a man knocking aluminum window frames out of the second story of the burned house. Defendant was seen on the ground picking up the pieces of frames and loading them into a pick-up truck. Thomas Barlow approached the two men, and upon determining that they were not the owner's sons, returned to his house to call the police. At that point, defendant and the other man drove away in the truck. The owner of the property further testified that he had not given anyone, including the defendant, permission to remove anything from the building.

The defendant's specific contention is that there was insufficient evidence presented that the owner of the window frames was deprived of their use or value. In reviewing claims of insufficient evidence, this Court neither weighs the evidence nor resolves questions of credibility, but only looks to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there was evidence of probative value from which a reasonable trier of fact could conclude that a defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Taylor v. State,* (1973) 260 Ind. 64, 291 N.E.2d 890; *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657. From the evidence presented, the jury could reasonably have inferred that defendant knowingly or intentionally exerted unauthorized control over the owner's property, with the intent to deprive him of its use or value. There was no error on this issue.

### V.

■■■ Defendant's final contention is that the evidence presented to support the enhancement of his sentence under the habitual offender statute was insufficient. He claims that his prior convictions could not be proved solely by the oral testimony of the prosecutor and assigned defense counsel connected with those cases. We agree. Evidence, to be sufficient in a criminal cause, must have such probative value that from it a reasonable trier of fact could infer that which it is offered to prove, beyond a reasonable doubt. *Glover v. State, supra.* A judgment of conviction is basically a written court record of a judicial proceeding. The record's existence and content in turn is reflected in a host of other official documents. *Collins v. State,* (1981) Ind., 415 N.E.2d 46. The requirement of the law that such records be kept reflects the monumental interest of society in the maintenance of accurate and reliable evidence of such matter. To countenance proof of such an important matter as a prior conviction in a criminal trial upon parol evidence alone from witnesses who have observed the judicial proceedings, resulting in it, is counter to our entire perspective on the subject. We, therefore, hold that parol evidence standing alone is insufficient evidence of the fact of prior convictions in the absence of a showing of

the unavailability of the proper certified records. Here, no such records were introduced, and there was no indication that the State was unable to produce them. The additional thirty year term imposed under Ind.Code § 35–50–2–8 cannot stand on the evidence submitted, and defendant's conviction on that charge must be reversed.

In the usual case of a reversal based upon the insufficiency of the evidence, discharge of the defendant is required by the Double Jeopardy Clause of the Fifth Amendment, applicable to the states by the Fourteenth Amendment. *Burks v. United States,* (1978) 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1. The underlying rationale for this approach is that the prosecution "has been given one fair opportunity to offer whatever proof it could assemble." *Id.* at 16, 98 S.Ct. at 2150, 57 L.Ed.2d at 12. We believe that this case is different and that there is cause for retrial here.

In the instant case, the defendant objected at trial when the State called the prosecutor to testify as to the previous convictions, claiming that these convictions should be shown by the appropriate documentary evidence. The judge overruled defendant's objection after argument by both sides. The prosecuting attorney in this case proceeded to rely on the judge's legal ruling, which we now find to be erroneous, and attempted to prove the prior convictions by parol evidence. The prosecution was not given "one fair opportunity to offer whatever proof it could assemble." The judge ruled, before the State produced its evidence, that oral evidence was "one way . . . that a conviction could be shown." In reliance on this, the State offered only parol evidence, even though the certified court records we now find necessary to prove prior convictions may have been readily available.

In *Webster v. State,* (1980) Ind., 413 N.E.2d 898, the trial judge's ruling restricting the jury's use of certain testimony came in the form of a final instruction. We found there that the prosecution was "warranted to a reasonable degree of legal certainty in believing that this evidence would

come in as a part of the substantive case against appellant", *Id.* at 902, and that if the ruling had been made earlier the prosecution "would have had an opportunity at the trial to offer other available proof to bolster its case." *Id.* Here, as in *Webster,* we conclude that the *Burks* rationale does not apply, and that there is justification for retrial.

We, therefore, affirm the theft conviction and reverse and remand for retrial on the habitual offender charge.

HUNTER and PIVARNIK, JJ., concur.

GIVAN, C. J., concurs in result.

PRENTICE, J., concurs and dissents with opinion.

PRENTICE, Justice, concurring and dissenting.

I concur in the majority opinion as to Issue one through four. With respect to Issue five, I concur insofar as the majority has determined that in habitual offender proceedings, parol evidence standing alone is insufficient evidence of the fact of prior convictions, in the absence of a showing of unavailability of the proper certified records. I dissent, however, insofar as it holds that *Burks v. United States,* (1978) 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 does not proscribe retrying the defendant upon the habitual offender issue.

I cannot agree that the prosecutor was not given "one fair opportunity to offer whatever proof it could assemble." The prosecutor had every opportunity to assemble and present the proper proof, if it existed. It was he, without interference or encouragement from the judge, who opted to present the case in an unacceptable form in lieu of putting forth the minimal effort required to assemble and present it in the orthodox and clearly proper way. It was he who led the court into error, but the majority has found that, because the court was not astute enough to catch the error, he rather than the prosecutor was responsible for it. The effect of this holding is to make the court responsible for the errors of the

prosecutor, as well as its own and, this in effect, puts the judge in the position of a counsellor to the state.

I see no difference in the situation before us and any other where a litigant offers inadmissible proof and the court erroneously accepts it. It, nevertheless, behooves the state to prove its case, not only to the satisfaction of the jury but by evidence and procedures that will withstand appellate review.

Upon the authority of *Burks v. United States, supra,* I would remand the case with instructions to vacate the verdict upon the habitual offender account and to resentence the defendant.