Kenneth T. MERRITT, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 584S182.

Supreme Court of Indiana.

Feb. 3, 1986.

James L. Kiely, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., and Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Kenneth Merritt was convicted after trial by jury of robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1985

Repl.), and burglary, a class B felony, Ind. Code § 35–43–2–1 (Burns 1985 Repl.), and was sentenced to two concurrent 14 year terms of imprisonment. He raises the following issues in this direct appeal:

1. Whether his constitutional rights were violated when the State used a peremptory challenge to eliminate the only black from the jury; and,

2. Whether the court erred in denying his motion to suppress admission of a knife taken from him when he was arrested.

## I. Peremptory challenge

Appellant claims he was denied his constitutional right to a fair trial when the only black on the jury venire was peremptorily excused without having been questioned. The excused venireman was approximately one hour late for the voir dire. When appellant objected to the peremptory challenge, the prosecutor responded that the venireman's tardiness contributed to his decision to use a peremptory challenge against him.

■ It is the settled view in Indiana that the peremptory challenge, which "has very old credentials", as Justice White put it, is exercised "without a reason stated, without inquiry and without being subject to the court's control". *Swain v. Alabama* (1965), 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759. Its function is to eliminate extremes of partiality and to assure the parties that the jurors will decide the issues only on the evidence. *Id.; Swope v. State* (1975), 263 Ind. 148, 325 N.E.2d 193. Unlike challenges for cause, the peremptory is often exercised on "hunches" and impressions having to do, perhaps, with a prospective juror's habits, associations, or "bare looks". *Swain, supra.*

Naturally, however, discrimination on the sole basis of race is unlawful. Nonetheless, a prosecutor is afforded a presumption that his use of peremptories is legitimate. *Id.* Our view has been that the presumption is overcome only by a showing of systematic and deliberate exclusion from juries of members of a certain

race over a period of time. *Hobson v. State* (1984), Ind., 471 N.E.2d 281; *See also, Mays v. State* (1984), Ind., 469 N.E.2d 1161.

Appellant would have us adopt the California view that the presumption of legitimate use of peremptories may be rebutted in a single case by the showing that all black veniremen are excused peremptorily. *People v. Hall* (1983), 35 Cal.3d 161, 197 Cal.Rptr. 71, 672 P.2d 854; *People v. Wheeler* (1978), 22 Cal.3d 258, 148 Cal. Rptr. 890, 583 P.2d 748. Such a showing in California could constitute a prima facie case of unlawful discrimination which may be rebutted by the State's explanation of legitimate reasons. The trial court is required to evaluate the reasons given and satisfy itself they are bona fide. *Id.* Appellant argues the exclusion of the only black venireman, without questions, makes a prima facie case of unlawful discrimination.

■ The facts of Merritt's case are not such that he is entitled to relief under either Indiana's or California's approach. Excusing one black, even the only black, in a single case, falls short of suspicion, absent the further showing required by *Swain* and its Indiana progeny that the peremptory was part of a systematic discrimination. Even in California, the peremptory challenge of only one black does not necessarily suggest a pattern. *People v. Harvey* (1985), 163 Cal.App.3d 90, 208 Cal.Rptr. 910.

■ As we noted earlier, after appellant objected to the State's use of a peremptory against the only black venireman, the prosecutor stated that his reason for the challenge was based on the fact that the venireman was late for voir dire. Appellant cites *Weathersby v. Morris* (1983), 708 F.2d 1493 (9th Cir.), for the proposition that once a prosecutor volunteers his reasons for exercising a peremptory challenge he is no longer "cloaked" with the presumption that his reasons are legitimate. That is, if the reasons offered clearly reflect unlawful discrimination or appear to

simply mask discrimination, the trial court must not blind itself to the realities before it. We cannot find here, however, that the prosecutor's proffered reason for the challenge should have appeared to the trial court to be a sham. A party is given broad discretion in its exercise of peremptories and its reasons need not rise to the level of a challenge for cause. *Id.* A party may legitimately draw negative conclusions about an unpunctual prospective juror.

## II. Admission of Knife

Appellant next claims reversible error occurred when the trial court overruled his motion to suppress and allowed admission of a knife which was taken from appellant's person when he was arrested. The trial court ruled the seizure of the knife was legal as incident to a valid arrest. Appellant argues that the officers lacked probable cause to make an arrest.

The facts are these. The burglary and robbery for which appellant was convicted occurred on August 9, 1983. The victim had confronted the burglar and described him to the police as a black male over six feet tall weighing perhaps 200 pounds. The victim also reported that the burglar had threatened him with a knife which had a handle resembling brass knuckles. The burglar stole a shotgun and some coins.

The investigating officer was familiar with appellant and had focused his investigation, at least in part, on Merritt. He learned appellant had sold to a pawn shop some coins similar to those stolen. Then, on August 15, another burglary occurred near Merritt's house. The victim told police the perpetrator was a large black male. A "canine unit" was dispatched and the dog took the police from the victim's house directly to the appellant's garage where he was sleeping or pretending to be sleeping. Merritt was arrested and searched; a knife with knuckles on the handle was taken from him.

The trial court ruled correctly that the knife was taken in a legal though warrantless search incident to the arrest. *Chimel v. California* (1969), 395 U.S. 752,

89 S.Ct. 2034, 23 L.Ed.2d 685. Where police have probable cause to apprehend an individual, they are justified in conducting a limited search for the purpose of removing weapons or other contraband within the arrestee's control. *Id;* *Townsend v. State* (1984), Ind., 460 N.E.2d 139.

Appellant's argument that the police lacked probable cause to make the arrest clearly fails. Probable cause to arrest exists when the arresting officer has knowledge of facts and circumstances which would lead a prudent person of reasonable caution to believe the arrestee had committed a crime. *Smith v. State* (1971), 256 Ind. 603, 271 N.E.2d 133. Here, the officer knew appellant's description matched the general description given by both victims. He had learned appellant had been in possession of coins similar to those stolen. Immediately after the second crime, the police dog lead the way from the scene of the crime directly to the garage where appellant was found. The arresting officer had probable cause to believe appellant had committed the crimes under investigation. *See e.g., Townsend, supra,* 460 N.E.2d 139.

Appellant has shown no error and the judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.