James PHILLIPS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 15S00–8805–CR–499.

Supreme Court of Indiana.

Aug. 1, 1989.

Susan K. Carpenter, Public Defender,
David P. Freund, Deputy Public Defender,
Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne
McCoy, Deputy Atty. Gen., Indianapolis,
for appellee.

DICKSON, Justice.

The defendant, James Phillips, was con-
victed of burglary and received a ten-year
sentence enhanced by thirty years upon the
jury determination that he was a habitual

offender. In this direct appeal, the defendant challenges only the habitual offender determination.

The State presented evidence of three prior felony convictions: 1) breaking and entering conviction in July 1975 (Ohio) for offense committed on April 23, 1975; 2) burglary conviction and sentencing in November 1982 (Ohio) for offense committed on March 30, 1982; and 3) theft conviction and sentencing in August 1982 (Texas) for offense committed on April 30, 1982. The jury returned a general verdict, finding that the defendant was a habitual offender.

■ The defendant first argues that the habitual offender finding is contrary to law because the State alleged and proved an ineligible prior conviction. The second and third felonies, standing alone, cannot qualify as the predicate unrelated felonies supporting a habitual offender determination because they fail to satisfy the statutory requirement that the one predicate felony be committed after the sentencing for the other. *Henderson v. State* (1989), Ind., 534 N.E.2d 1105. However, where multiple prior felony convictions are proven, two of which are not "unrelated" to each other, they are in effect alternative proofs, either of which in combination with a separate prior unrelated felony conviction may prove habitual offender status. *Kindred v. State* (1989), Ind., 540 N.E.2d 1161; *Richards v. State* (1989), Ind., 535 N.E.2d 549, 551. A jury properly instructed on the required sequence could have found the defendant to be a habitual offender by pairing his first felony with either his second or third felony.

■ The defendant further contends that the jury was not properly instructed on such required sequence. The trial court instructed the jury that it could find the defendant to be a habitual offender upon finding that the State proved *any* two of the three charged prior felonies. Because it failed to advise the jury of the required sequence, this instruction was an erroneous statement of law, and the habitual offender determination must be vacated.

■ When a habitual offender determination is reversed on appeal for insufficiency of evidence, the habitual offender deter-

mination is vacated and the cause is remanded to the trial court to resentence the defendant for the underlying felony, imposing any penalty authorized by statute for the offense. *Henderson*, 534 N.E.2d 1105; *Coble v. State* (1988), Ind., 523 N.E.2d 228. In both *Henderson* and *Coble* the habitual offender determinations were vacated on appeal because of defects in one of the two prior unrelated felony convictions alleged by the State. This rendered the evidence insufficient to support the habitual offender allegations as charged by the State, and these causes were thus properly remanded for re-sentencing on the charged offense. *See also Williams v. State* (1986), Ind.App., 494 N.E.2d 1001, *cert. denied* (1987), 481 U.S. 1054, 107 S.Ct. 2191, 95 L.Ed.2d 846.

■ Reversal based solely on evidentiary insufficiency has fundamentally different implications, for double jeopardy purposes, than a reversal based on ordinary "trial errors." *Burks v. United States* (1978), 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1. A defendant may be subjected to re-trial in a habitual offender proceeding in which the result in the first trial is vacated due to trial error rather than evidence insufficiency. *Lockhart v. Nelson* (1988), 488 U.S. ——, 109 S.Ct. 285, 102 L.Ed.2d 265. Because the habitual offender determination in the present case is being vacated due to erroneous instructions rather than insufficiency of evidence, the trial court may therefore conduct a new sentencing hearing involving a re-trial of the habitual offender charge.

This cause is remanded to vacate the habitual offender determination and for re-trial thereof and further proceedings not inconsistent with this opinion.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

GIVAN, J., dissents as to remand, but concurs that upon remand the court may conduct a new sentencing hearing.