Robert BRAY, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 45A03–8903–PC–95.

Court of Appeals of Indiana,
Third District.

Dec. 18, 1989.

---

2. The parties' briefs indicate that Singleton has not been deposed.

Susan K. Carpenter, Public Defender and Hilary Reeve, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Petitioner-appellant Robert Bray appeals from the denial of his petition for post-conviction relief. The facts relevant to Bray's appeal are summarized below.

On November 4, 1981, Bray was convicted of burglary and attempted burglary following a trial by jury. In a bifurcated proceeding, the jury also found that Bray was an habitual offender. Bray filed a direct appeal in which he questioned whether the trial court erred in overruling his motion to suppress and objections to evidence regarding a pretrial lineup; whether the evidence was sufficient to support his conviction for attempted burglary; and whether the lower court erred during the habitual offender proceedings by admitting his prison records. Bray's convictions were upheld by the Indiana Supreme Court. *Bray v. State* (1982), Ind., 443 N.E.2d 310.

Bray filed a petition for post-conviction relief on March 18, 1987, and the petition was subsequently amended. Following a hearing on the petition, the court entered an order denying post-conviction relief. This appeal ensued.

The issues presented for this Court's review are:

(1) whether Bray was denied effective assistance of counsel on direct appeal;

(2) whether Bray was denied effective assistance of counsel during the criminal proceedings; and

(3) whether Bray was found to be an habitual offender based upon insufficient evidence, because the State did not prove the required statutory sequence of the two prior unrelated felonies.

Bray maintains that the attorney who prepared his direct appeal was inadequate, because appellate counsel failed to challenge the effectiveness of Bray's trial attorney. However, the post-conviction court considered the issue of effective assistance of trial counsel on the merits. Thus Bray was not prejudiced by the alleged deficiencies in appellate counsel's performance. *See Price v. State* (1985), Ind., 482 N.E.2d 719, 720.

With respect to Bray's representation during the criminal proceedings, Bray asserts that defense counsel was ineffective because the attorney failed to accept the prosecutor's offer of a ten-year plea agreement. Bray's recollection of the purported plea negotiations is set out below:

"Q. Mr. Bray, you said you personally had discussed with Mr. Davis [defense counsel] plea negotiations?

A. Not face to face, but over a phone confrontation in which, like I said, ev-

ery time I would call my mom to try and find out why he wouldn't come see me, she would call his office and she would tell me not to worry about it. He told her, 'I have talked to the Prosecuting Attorney and he has given Robert ten years, and I need another thousand dollars,' and at the time I said, 'I gave you all the money I got', and he said he needed more, and I said I didn't have any more."

Apart from Bray's testimony, there was no evidence that the prosecutor tendered a favorable plea offer. Likewise, Bray's testimony constituted the only evidence that defense counsel demanded an additional sum of one thousand dollars before the attorney would accept the plea agreement on Bray's behalf. Because defense counsel was not called as a witness during the post-conviction proceedings, the lower court was justified in inferring that the attorney would not have corroborated the acts and omissions which led to the alleged inadequate representation. *See McChristion v. State* (1987), Ind., 511 N.E.2d 297, 301.

The only affirmative evidence of the existence of a plea agreement was Bray's self-serving assertion that he would have received a ten-year sentence but for defense counsel's failure to act upon a favorable plea offer. To succeed on a claim of ineffectiveness of counsel, Bray had to prove that his attorney's representation fell below an objective standard of reasonableness under prevailing professional norms. Additionally, Bray was required to prove that counsel's failure to function was so prejudicial as to deprive him of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Bray fell short of proving his claim by a preponderance of the evidence.

For his final issue on appeal, Bray challenges the sufficiency of the evidence supporting his habitual offender determination. To sustain a sentence under the habitual offender statute, IND.CODE § 35–50–2–8 (1988 Ed.), the State must show that the defendant has been twice convicted and twice sentenced for felonies,

that the commission of the second offense was subsequent to his having been sentenced upon the first, and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction. *Miller v. State* (1981), 275 Ind. 454, 459, 417 N.E.2d 339, 342.

■ Bray contends, and the State concedes, that there was no evidence from which the jury could ascertain the date of the commission of the second felony. Failure of proof that a second predicate offense was committed subsequent to the date of sentencing for the first predicate offense will require that an habitual offender determination be vacated. *McCovens v. State* (1989), Ind., 539 N.E.2d 26, 31. The State argues against vacating the habitual offender determination by suggesting that Bray invited the failure of proof of which he now complains.

■ During the habitual offender proceedings, the State offered Exhibit A and Exhibit B as evidence that Bray was an habitual offender. Exhibit B contained a charging information which indicated the date of commission of the second felony. The State voluntarily withdrew the charging information when defense counsel objected to that portion of Exhibit B. In response to Bray's objection and before the trial court ruled on the admissibility of the charging information, the prosecutor observed,

"As to State's B, I have no objection to the Charging Information and a copy of the Charging Information being withdrawn. I think it's the last two pages in 'B'; I have no objection to that being withdrawn."

Upon withdrawing the charging information, the State presented no other evidence which showed the date when the second felony was committed.

The suggestion that Bray invited error by objecting to the charging information is unpersuasive. The State voluntarily withdrew evidence critical to its case, and must suffer the consequences of its decision. *Cf. Youngblood v. State* (1987), Ind., 515

N.E.2d 522 (insufficient evidence to support habitual offender finding because State agreed to editing of its exhibits which removed pertinent evidence from the consideration of the jury).

The case is remanded with instructions to set aside the habitual offender status enhancement. In all other respects the post-conviction court is affirmed.

STATON and BAKER, JJ., concur.