**Roger W. POWERS, Appellant– Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 23A01–9212–PC–406.**

Court of Appeals of Indiana, First District.

March 30, 1993.

Roger W. Powers, pro se.

Linley E. Pearson, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Roger W. Powers, pro se, appeals the denial of his petition for post-conviction relief. Powers raises four (4) issues, but, because one requires reversal, we address it only. It is:

> Whether Powers received ineffective assistance of appellate counsel for his counsel's failure to challenge the sufficiency of Powers' habitual offender adjudication on direct appeal? [1]

---

**1.** Our only response to the dissent is to note that this case does not involve a question of trial

## FACTS

On July 6, 1985, Powers escaped from jail while awaiting sentencing on a Burglary conviction. Powers was later captured, tried, and convicted of Escape as a Class D felony. He was also adjudicated an habitual offender. He received a two (2) year sentence for the Escape conviction enhanced by thirty (30) years for being an habitual offender for a total sentence of thirty-two (32) years.

During the habitual phase of Powers' trial, the State introduced docket sheets which indicated that Powers had been convicted and sentenced for a felony in 1977 and again for three (3) felonies in 1980. Probation officer, Ruth White, testified regarding the dates that these offenses had been committed. Powers took a direct appeal but his appellate counsel did not challenge the sufficiency of the habitual offender adjudication. The appeal was rejected by our supreme court in *Powers v. State* (1989), Ind., 539 N.E.2d 950.

Powers was sentenced to twenty (20) years imprisonment for the Burglary for which he had been incarcerated when he escaped from jail in 1985. This sentence was enhanced by thirty (30) years for an habitual offender adjudication based on the 1977 and 1980 felony convictions which were used as the basis of the habitual offender adjudication in the present case. On direct appeal, our supreme court held that the State failed to carry its burden of proof in establishing Powers' habitual offender status, holding:

> The State did call Ruth White, a probation officer, who testified she prepared the presentence investigation report for appellant's 1977 and 1980 convictions, and she testified the convictions were two prior unrelated convictions. However, she furnished no information concerning when either offense was committed. *Even had the probation officer so testified, such evidence would not be sufficient unless there were a showing that written records were unavailable.*

*Washington v. State* (1982), Ind., 441 N.E.2d 1355; *Morgan v. State* (1982), Ind., 440 N.E.2d 1087.

*Powers v. State* (1989), Ind., 540 N.E.2d 1225, 1227 (Emphasis added).

## DECISION

Initially, we note that in a post-conviction relief proceeding, the defendant has the burden of proving his grounds of relief by a preponderance of the evidence. *Murphy v. State* (1985), Ind., 477 N.E.2d 266. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230. When reviewing the denial of post-conviction relief, we will reverse only when the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Daniels v. State* (1988), Ind., 531 N.E.2d 1173.

In post-conviction proceedings, an issue which could have been but was not raised in the defendant's direct appeal is waived. *McFarland v. State* (1991), Ind., 579 N.E.2d 610. When the defense of waiver is asserted by the State, a post-conviction petitioner must present some substantial basis or circumstance which will satisfactorily mitigate his failure to pursue or perfect a remedy through the normal procedural channels. *Davis v. State* (1975), 164 Ind.App. 331, 328 N.E.2d 768. One method of overcoming a defense of waiver is to demonstrate an ineffective assistance of appellate counsel. *Id.; McFarland*, 579 N.E.2d 610. One method of demonstrating incompetent appellate counsel is by showing the counsel's failure to raise a meritorious issue on appeal. *Davis*, 328 N.E.2d 768.

In reviewing the competency of counsel, there is a presumption that counsel is competent and strong and convincing evidence is required to rebut the presumption. *Howell v. State* (1983), Ind., 453

---

counsel ineffectiveness as discussed in the dissent, dissenting op. p. 176. Trial counsel had no obligation to ensure that the State used the required documentary evidence to prove Pow-

ers' habitual offender status. Trial counsel's strategy in permitting the State to fail to present a sufficient case constituted a very effective assistance of counsel.

N.E.2d 241. Whether counsel was incompetent revolves around the particular facts of each case. *Id.* The reviewing court will not speculate as to what may have been the most advantageous strategy in a particular case. *Id.* Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffective counsel. *Id.* The proper standard for attorney performance is that of reasonably effective assistance. *Cobb v. State* (1987), Ind., 505 N.E.2d 51, 54. A successful claim of an ineffective assistance of appellate counsel has two components. *Ingram v. State* (1987), Ind., 508 N.E.2d 805. The post-conviction petitioner must demonstrate 1) deficient performance by counsel and 2) resulting prejudice so serious as to deprive him of an effective appeal. *Id; Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In other words, the petitioner must show that the error or omission by counsel was outside the wide range of professionally competent assistance and that there is a reasonable probability but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.; Ingram,* 508 N.E.2d 805.

■ In the present case, under the first component of the *Strickland* test, we hold that Powers' appellate counsel's failure to challenge the sufficiency of the habitual offender adjudication falls outside the wide range of professionally competent assistance. The reasonably effective assistance of counsel would require that the sufficiency of the habitual offender adjudication be carefully scrutinized because the enhancement of thirty (30) years tacked on for Powers' status as an habitual offender is fifteen times (15×) longer that the two (2) year sentence Powers received for the Escape conviction. Moreover, the sufficiency of habitual offender adjudications is a matter often raised successfully on appeal. *Waye v. State* (1991), Ind., 583 N.E.2d 733; *Lee v. State* (1990), Ind., 550 N.E.2d 304;

*Nash v. State* (1989), Ind., 545 N.E.2d 566; *Powers,* 540 N.E.2d 1225; *McCombs v. State* (1989), Ind., 536 N.E.2d 277; *Henderson v. State* (1989), Ind., 534 N.E.2d 1105; *Caldwell v. State* (1988), Ind., 527 N.E.2d 711; *Williams v. State* (1988), Ind., 525 N.E.2d 1238; *Fozzard v. State* (1988), Ind., 518 N.E.2d 789; *Zavesky v. State* (1987), Ind., 515 N.E.2d 530; *Smith v. State* (1987), Ind., 514 N.E.2d 1254; *Jordan v. State* (1987), Ind., 510 N.E.2d 655; *Coble v. State* (1986), Ind., 500 N.E.2d 1221; *Steelman v. State* (1985), Ind., 486 N.E.2d 523; *Washington v. State* (1982), Ind., 441 N.E.2d 1355; *Morgan v. State* (1982), Ind., 440 N.E.2d 1087; *Graham v. State* (1982), Ind., 435 N.E.2d 560; *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339; *Cooper v. State* (1972), 259 Ind. 107, 284 N.E.2d 799; *Shaw v. State* (1965), 247 Ind. 139, 211 N.E.2d 172; *Weatherford v. State* (1992), Ind.App., 597 N.E.2d 17, *trans. pending; Bray v. State* (1989), Ind. App., 547 N.E.2d 862, *trans. denied; Marshall v. State* (1986), Ind.App., 493 N.E.2d 1317.[2]

■ With regard to the second component of the *Strickland* test, it is obvious from *Powers,* 540 N.E.2d 1225, that the evidence supporting Powers' present habitual adjudication is insufficient and that the adjudication would have been reversed had the issue been raised on direct appeal. Probation officer Ruth White's testimony regarding the critical dates upon which the underlying felonies were committed is insufficient to support the habitual offender adjudication without substantiation by properly certified records or a showing that such records were unavailable. *Id.; Washington,* 441 N.E.2d 1355.

Powers has survived waiver by demonstrating his appellate counsel's ineffectiveness. Moreover, Powers has carried his burden in establishing his grounds for post-conviction relief by demonstrating the in-

---

**2.** Because of the profound impact of an habitual offender adjudication upon the length of a sentence, a defect in the proof is generally considered to be fundamental error available for consideration despite procedural default. *Lee,* 550 N.E.2d 304; *Williams,* 525 N.E.2d 1238, *Jordan,*

510 N.E.2d 655; *Steelman,* 486 N.E.2d 523; *Weatherford* 597 N.E.2d 17. We decline to decide whether the particular defect in the present habitual offender adjudication constitutes fundamental error.

sufficiency of the evidence supporting his habitual offender adjudication.

■ Powers and the State disagree with respect to the appropriate relief to be afforded upon remand. Powers asserts that the State's failure to present sufficient evidence to support his habitual offender adjudication precludes retrial on this count. The State asserts that Powers may appropriately be retried as an habitual offender.

We agree with the State. A divided supreme court has held that habitual offender adjudications reversed for defects similar to the one in the case at bar may appropriately be retried. *Washington, id.* (Prentice, J. dissenting); *Morgan*, 440 N.E.2d 1087 (Prentice, J. dissenting). Therefore, we must reverse and remand for proceedings not inconsistent with this opinion.

Judgment reversed.

NAJAM, J., concurs.

CHEZEM, J., dissents with separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent with regard to the Majority's treatment of Powers' Habitual Offender conviction. Powers did not meet his burden of proof that the denial of his petition was fundamental error. He may not raise issues in a P–C proceeding which could have been raised on direct appeal. *Golden v. State* (1990), Ind.App., 553 N.E.2d 1219, 1221, *trans. denied.* The P–C process is open to the raising of issues not known at the time of the original trial and appeal or for some reason not available to Powers at that time. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, 1197, *reh. denied.*

*A. Ineffective Assistance of Counsel*

Due to the *sua sponte* observation made by our supreme court in Powers' direct appeal on an unrelated matter, Powers had knowledge of the issue of whether the State provided sufficient evidence of his habitual offender status. *Powers v. State* (1989), Ind., 540 N.E.2d 1225, 1227. Powers argues that his attorney was ineffec-

tive in failing to object on the basis of sufficiency. However, his trial attorney testified that his decision not to object was strategic. He also testified that he had seen the written evidence of the dates of commission before the habitual phase of the trial. It was indeed strategic for Powers' attorney not to object because he knew from personal knowledge the State could produce the required documentation. Had he objected and the State produced, Powers would have no error to allege before us today. We cannot allow one to benefit in a PCR proceeding from deliberate strategy of an attorney on direct appeal.

In essence, the Majority approach encourages attorneys to make strategic decisions at trial which could be reversible error at the PCR stage. In other words, recognizing the difficulty of getting a not guilty judgment, an attorney may make a strategic decision which would preserve error on petition for PCR. For that reason, appellate counsel has no duty to raise as error actions by trial counsel which are intentionally strategic. It was not ineffective assistance of appellate counsel for Powers' appellate counsel not to raise as error an act committed by trial counsel which was intended to benefit Powers.

Our supreme court set forth standards for reviewing a claim of ineffective assistance of counsel, basing its standard on the Supreme Court's two-part test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh. denied.*

Reversal for ineffective assistance of counsel is appropriate in cases where a defendant shows both (a) that counsel's performance fell below an objective standard of reasonableness, and (b) that the deficient performance so prejudiced the defendant as to deprive him of a fair trial. A claim of ineffective assistance must identify the claimed errors of counsel, so that the court may determine whether, in light of all circumstances, the counsel's actions were outside the range of professionally competent assistance. The proper measure of attorney performance is reasonableness under prevailing professional norms. It shall be strongly

presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through distortion of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. If deficient performance of counsel can be proven, defendant must further show a reasonable probability that it altered the outcome of the case.

*Mftari v. State* (1989), Ind., 537 N.E.2d 469, 473. The P–C court reviewed these claims in detail and, applying *Strickland*, found that Powers did not receive ineffective assistance of trial counsel. Defense counsel justified his strategy to the P–C court and it was found that trial counsel's representation of Powers did not fall below the standard of reasonableness under prevailing professional norms. Powers has not met his burden to prove otherwise.

Powers argues also that direct appellate counsel was ineffective. Our supreme court has stated that "appellate counsel need not raise on appeal an issue that in his professional judgment appears frivolous or unavailing." *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1207, *cert. denied* 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218 (1989), *citing Ingram v. State* (1987), Ind., 508 N.E.2d 805, 808–809.

Essentially, what Powers is arguing is that he would have argued different issues on appeal than argued by direct appellate counsel. As stated by our supreme court, "[i]f deficient performance of counsel can be proven, defendant must further show a reasonable probability that it altered that outcome of the case." *Mftari v. State*, 537 N.E.2d at 474. Mere conclusionary statements by Powers do not create a reasonable probability that the outcome would have been different.

### B. Sufficiency of Habitual Offender Evidence

I disagree with the Majority that "it is obvious from *Powers* . . . that the evidence supporting Powers' present habitual adjudication is insufficient and that the adjudication would have been reversed had the issue been raised on direct appeal." *Supra.* The Majority relies on *Powers*, 540 N.E.2d 1225, and *Washington v. State* (1982), Ind., 441 N.E.2d 1355, in support of this proposition.

Unlike the situation in *Powers*, 540 N.E.2d 1225, Powers' probation officer provided the court with dates of commission of his prior offenses. Our supreme court held in *Powers*:

> The State did call Ruth White, a probation officer, who testified she prepared the presentence investigation report for appellant's 1977 and 1980 convictions, and she testified the convictions were two prior unrelated convictions. However, she furnished no information concerning when either offense was committed. Even had the probation officer so testified, such evidence would not be sufficient unless there were a showing that written records were unavailable. *Washington v. State* (1982), Ind., 441 N.E.2d 1355; *Morgan v. State* (1982), Ind., 440 N.E.2d 1087.

*Id.* at 1227. In both *Washington* and *Morgan*, our supreme court held: "parol evidence *alone* is insufficient to establish a defendant's status as an habitual offender." *Washington*, 441 N.E.2d at 1359, quoting *Morgan*, (emphasis added). The only evidence presented as to Washington's and Morgan's status as habitual offenders was the oral testimony of their attorneys. Such is not the case for Powers. The State entered docket sheets into evidence which indicated the dates of sentencing for each offense in question. The court took judicial notice of those docket sheets. T.R. 124. Powers' probation officer testified only as to Powers' identity and as to the dates of commission of those offenses.

Parol evidence is required to link a defendant's identity with that of prior offenses. *Sullivan v. State* (1988), Ind.App., 517 N.E.2d 1251, 1255. Thus, it was proper for Powers' probation officer to testify as to his identity on the prior offenses. The core issue is whether it was proper for her to

have testified as to the dates of commission of those offenses. Because Powers' habitual offender status was not determined solely on parol evidence, it should be upheld.

A failure to object to parol evidence should be considered a waiver of all complaints regarding the character of the evidence. Otherwise, defendants will be encouraged not to object to parol evidence unless they receive an adverse judgment, at which time they may claim fundamental error at the P–C proceeding.

We should affirm the decision of the P–C court.