Roger W. POWERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 23S01–9307–PC–766.

Supreme Court of Indiana.

July 20, 1993.

Rehearing Denied Oct. 12, 1993.

---

Roger W. Powers, pro se.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., for appellee.

### ON CRIMINAL PETITION
### TO TRANSFER

GIVAN, Justice.

In an opinion published at 611 N.E.2d 172, the Court of Appeals reversed the trial court's denial of appellant's petition for post-conviction relief. They held that appellant carried his burden of proof in the trial court to demonstrate that his appellate counsel had not afforded effective assistance in that he did not challenge the sufficiency of the evidence establishing appellant's status as a habitual offender.

Judge Chezem wrote a dissenting opinion in which she observed that trial counsel had testified at the post-conviction relief hearing that he did not object to any deficiency in the State's evidence because he was well aware that the necessary information was readily available to the State and his objection would gain him nothing in the long run. He chose to follow the strategy of remaining silent in hopes that the State's evidence would be insufficient to establish the habitual status.

Some confusion arises in this case due to the fact that while awaiting sentencing on a burglary charge, appellant escaped from jail. He was tried separately for the escape and found guilty and it is that case in which the present post-conviction relief petition was filed.

Even assuming for the sake of argument that there are deficiencies in the habitual offender evidence, the trial court was correct in its observation that the testimony of trial counsel established that it was his strategy not to object to any deficiency in the State's evidence and to proceed in hopes that they would not present sufficient evidence.

In fact, the majority opinion recognizes that this conduct on the part of trial counsel in fact was "very effective assistance of counsel." *See Id.* at 173–74, n. 1. As noted by Judge Chezem, we have held that appellate counsel need not raise an issue that in his professional judgment appears to be frivolous or unavailing. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, *cert. denied*, 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218. We also have held that if deficient performance is shown, a defendant must further show a reasonable probability that it altered the outcome of the case. *Mftari v. State* (1989), Ind., 537 N.E.2d 469.

This being a post-conviction case, appellant had the burden to establish the grounds for relief by a preponderance of the evidence. *Grey v. State* (1990), Ind., 553 N.E.2d 1196. The question is then, did appellant present evidence to demonstrate that but for the action of his appellate counsel, the outcome of his appeal would have been different? It is true that as this Court observed in *Phillips v. State* (1989), Ind., 541 N.E.2d 925, where there has been a lack of proof of two prior unrelated felonies, the habitual offender finding must be set aside. *Phillips* cites *Henderson v. State* (1989), Ind., 534 N.E.2d 1105.

However, in the case at bar, the existence of the prior felony convictions was proven by certified records and only the commission dates were supplied by oral testimony. There is no allegation here that the prior felonies did not exist or that they did not comply with the statute as to proper sequence. It becomes obvious from the record that had trial counsel objected to the oral testimony, the State could undoubtedly have established the supporting evidence by presenting documentary proof. The Court of Appeals cites *Powers v. State* (1989), Ind., 540 N.E.2d 1225; however, in that case there was no evidence of the former conviction other than oral testimony of the probation officers. We hold that in a situation such as the case at bar where there was documentary proof of the existence of the prior convictions, the identity and the sequence of events may be estab-

lished by parol evidence. *State v. Brooke* (1991), Ind., 565 N.E.2d 754.

This case does not come within the purview of *Henderson, supra,* in that there is no showing of a failure of evidence to support the habitual offender finding. Thus, even had appellate counsel raised the issue regarding trial counsel's effectiveness, such claim would fail because, even with a timely objection, parol evidence of commission dates would be admissible.

Appellant did not sustain his burden of proof to show that had appellate counsel raised the issue the ultimate result would have been different.

The Court of Appeals opinion is set aside. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.

DICKSON, J., concurs with separate opinion in which SHEPARD, C.J. and KRAHULIK, J., concur.

DICKSON, Justice, concurring.

In the habitual offender proceedings in both *Washington v. State* (1982), Ind., 441 N.E.2d 1355, and *Morgan v. State* (1982), Ind., 440 N.E.2d 1087, prior unrelated felony records were exclusively established by oral testimony. No certified records or documents were placed in evidence. We stated:

> The requirement of the law that such records be kept reflects the monumental interest of society in the maintenance of accurate and reliable evidence of such matter. To countenance proof of such an important matter as a prior conviction in a criminal trial upon parol evidence alone from witnesses who have observed the judicial proceedings, resulting in it, is counter to our entire perspective on the subject. We, therefore, hold that parol evidence standing alone is *insufficient evidence* of the fact of prior convictions in the absence of a showing of the unavailability of the proper certified records.

*Id.* at 1090–91 (emphasis supplied); quoted with approval in *Washington,* 441 N.E.2d at 1359. We nonetheless remanded the matter for retrial of the habitual offender count. *Morgan,* 440 N.E.2d at 1091. This refusal to apply double jeopardy principles in habitual offender trials was superseded by our decisions in *Perkins v. State* (1989), Ind., 542 N.E.2d 549, and *Phillips v. State* (1989), Ind., 541 N.E.2d 925, which were compelled by the intervening decision in *Lockhart v. Nelson* (1988), 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265.

The majority today concludes that where the existence of prior felonies is established by certified records, parol evidence may provide sufficient proof of the dates of commission. However, this holding does not modify the holding in *Morgan,* 440 N.E.2d 1087, and *Washington,* 441 N.E.2d 1355, that the evidence of habitual offender status is insufficient in the absence of proper available certified records of the prior felony convictions. The present case differs from *Morgan* and *Henderson* in that the habitual offender trial record here does contain documentary evidence establishing the existence of the prior convictions. It is only the date of commission of these prior felonies that was provided by oral testimony.

Thus, in cases where the existence of prior felony convictions is not proven by proper available certified records, the evidence of habitual offender status will be insufficient, and retrial of the habitual offender count will be precluded because of double jeopardy. *Perkins,* 542 N.E.2d 549; *Phillips,* 541 N.E.2d 925.

SHEPARD, C.J., and KRAHULIK, J., concur.