**Rocky Dean BEAVERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 782 S 276.

Supreme Court of Indiana.

July 24, 1984.

Kenneth R. Watson, Williamsport, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction for first degree burglary, Ind. Code § 35–13–4–4 (since repealed). Appellant also appeals from the jury's determination that he is a habitual offender. The case was tried before a jury. Appellant was sentenced to an indeterminate term of not less than ten years nor more than twenty years for burglary. In addition appellant was sentenced to thirty years, to run consecutively, for being a habitual offender.

Appellant raised several issues on appeal, two of which are treated below in detail: (1) whether the State failed to comply with the discovery order when it did not disclose witness Charles Duh's prior record; and (2) whether the court erred in conducting the habitual offender phase of the trial and in sentencing appellant under the new habitual offender statute, Ind. Code § 35–8–8–1 which was the statute in effect at the time of the commission of the crime.

The facts tending to support the verdict show that on July 9, 1976, the home of Larry Myers was burglarized. Two years later Charles Duh and Robert Stevens were arrested and gave statements to the police implicating themselves and the appellant in the Myers' burglary. Appellant was arrested on August 1, 1979 and charged with burglary and with being a habitual offender. Appellant was convicted of burglary. Furthermore, the State demonstrated that appellant had three prior felony convictions; consequently, the jury determined that he was a habitual offender.

I.

Charles Duh, an admitted accomplice with appellant in the burglary of the Myers' home, testified for the prosecution.

The prosecution had been under a pre-trial order to produce prior convictions of its witnesses for the defense and had not disclosed any for Duh. Immediately before the trial Duh stated to defense counsel during a brief interview that he had a prior conviction in Missouri. During cross-examination attempts by defense counsel to get this conviction before the jury were rebuked because of the lack of specificity in the questions. Because of the frustration of these efforts, defense counsel made a motion to strike all of Duh's testimony, because the prosecution had failed to provide information regarding this prior conviction. The trial prosecutor responded that his department had utilized the usual resources at its disposal and that effort had failed to reveal prior convictions of Duh. The judge permitted voir dire examination of Duh by defense counsel outside the presence of the jury. Duh testified that while AWOL from the Army he had entered a plea of guilty in a Missouri court, but upon being returned to Army custody the record of that had been expunged. The trial court then overruled the motion to strike. Error on appeal is predicated on this ruling.

■■ A motion to strike testimony for failure of the prosecution to properly respond to a discovery order seeks a most severe sanction. That sanction is not proper unless there is a showing that the prosecution engaged in deliberate or other reprehensible conduct which thwarted or obstructed the legitimate aims of the order. *Brown v. State*, (1981) Ind., 417 N.E.2d 333. From the recital of events above it is apparent that the conduct of the prosecution did not approach the required level. It made reasonable efforts to discover the prior convictions of the witness without success. Therefore, the denial of the motion to strike was correct.

## II.

■ The statute to be applied in arriving at the proper criminal penalty should be the one in effect at the time the underlying crime was committed. *Collins v. State*, (1981) Ind., 415 N.E.2d 46, 56. The date of the burglary was established by the evidence to be July 9, 1976. The law of Indiana as to a habitual criminal in effect on that date was set forth in Ind. Code § 35–8–8–1 and § 35–8–8–2. The jury instructions instead, however, specifically identified and were patterned after Ind. Code § 35–50–2–8. Though Ind. Code § 35–50–2–8 was enacted in 1976, it did not become effective until July 1, 1977. The two statutes are not identical. They require different burdens of proof and different types of sentences. Consequently, the jury instructions which identified Ind. Code § 35–50–2–8 were erroneous. The trial court erred in overruling appellant's objections to them.

■ Appellant was sentenced to an indeterminate term of ten to twenty years for first degree burglary. In addition, appellant was sentenced according to Ind. Code § 35–50–2–8 to a thirty year term, to run consecutively, for being a habitual offender. As we previously mentioned, Ind. Code § 35–50–2–8 was not in effect at the time the crime was committed. Moreover, the new habitual offender statute set forth in Ind. Code § 35–50–2–8 was not meant to be applied to the indeterminate sentencing procedures which were in existence prior to October 1, 1977. Furthermore, separate sentences are improper. A single sentence enhanced by reason of the State's habitual offender statute is required.

The conviction of burglary is affirmed. The cause is remanded to the trial court for the rendition of a new sentence not inconsistent with the views taken in this opinion. In light of this remand the other discovery issues need not be resolved because they will not bear upon further sentencing processes.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.