**Rocky Dean BEAVERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 885 S 333.

Supreme Court of Indiana.

April 29, 1987.

Thomas P. O'Connor, Attica, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This case was previously before the Court in *Beavers v. State* (1984), Ind., 465 N.E.2d 1388. Appellant had been convicted of First Degree Burglary and had been found to be an habitual offender. In a unanimous opinion written by Justice De-Bruler, we found that appellant had been tried under the wrong habitual offender statute. The Court pointed out that the statute under which appellant had been prosecuted had not been adopted until after the instant crime had been committed. The cause was therefore remanded to the trial court "for the rendition of a new sentence not inconsistent with the views taken in this opinion." *Id.* at 1390.

Upon remand a jury was assembled for the sole purpose of a determination of appellant's status as an habitual offender. This proceeding resulted in a finding that appellant was an habitual offender. He was therefore sentenced to a term of life imprisonment. He now appeals that sentence.

Appellant claims that to submit him to the habitual offender hearing following his first appeal amounted to double jeopardy. He contends the second trial allowed the State a second opportunity to retry him after it had failed to prove all of the essential elements of the habitual criminal affidavit at the first trial. This is not the situation, as this is not a case of a failure of the State to prove allegations. It is a case in which the State mistakenly charged appellant under the wrong habitual offender statute in the first instance. As set out in the original opinion, above cited, this Court observed the error and remanded the case for sentencing under the applicable statute.

This is precisely what the trial court did. Habitual offender proceedings are not prosecutions for a separate offense. They are merely a fact-finding process to determine the status of the person being tried. If the person is found to be an habitual

offender, his sentence on the instant charge, in this case a burglary, may be enhanced by reason of his status as an habitual criminal. *State v. McMillan* (1980), 274 Ind. 167, 409 N.E.2d 612, *cert. denied* (1981), 450 U.S. 1003, 101 S.Ct. 1714, 68 L.Ed.2d 207. Double jeopardy was not involved in the remanding of the case for sentencing under the proper statute.

■ Appellant claims that he had already served the ten (10) to twenty (20) year sentence imposed for the first degree burglary. He thus claims the new life sentence was a modification of a sentence already served. Again, appellant is in error. His original sentence was a ten (10) to twenty (20) year term for first degree burglary, which was enhanced by thirty (30) years by reason of his status as an habitual offender. Appellant had not in fact served this total sentence. The parole board had merely stated that appellant had been paroled from his ten (10) to twenty (20) year sentence but that he was still serving the thirty (30) year sentence.

This of course is a misconception of the original sentence by the Department of Correction but is of no moment in this cause. The facts remain that appellant was convicted of one crime, first degree burglary, and that in both instances he received one sentence for that crime. Upon the remand by this Court, he received a life sentence for the crime of first degree burglary by reason of the fact that he was an habitual criminal. *See Eldridge v. State* (1977), 266 Ind. 134, 361 N.E.2d 155, *cert. denied,* 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287.

■ Appellant contends the trial court erred in granting the State's motion in limine preventing him from advising the jury of the penalty of life imprisonment for the habitual criminal charge. In support of his position, he cites *Kocher v. State* (1979), 270 Ind. 661, 389 N.E.2d 18; however, the *Kocher* case did not concern an habitual offender finding. It concerned the question of whether or not the jury should be informed that a person convicted of kidnapping could receive a life sentence.

In the case at bar, the original trial of appellant had been sent to the jury for the determination of the guilt or innocence of appellant as to the first degree burglary charge. The remand by this Court was not for the purpose of a finding of guilty of the charge by the jury. The remand was for the sole purpose of determining appellant's status as an habitual criminal. Once that status was established by the jury, the life sentence was mandatory. *McCormick v. State* (1974), 262 Ind. 303, 317 N.E.2d 428, *on reh'g.*

Informing the jury of the enhanced penalty of life imprisonment would have served no purpose. They had no duty to perform regarding such penalty, other than to make a decision as to whether or not appellant was in the status of habitual criminal.

■ Appellant claims the trial court erred in giving a preliminary instruction informing the jury that he had previously been convicted of burglary and that the instant proceedings related to the information charging that he was an habitual criminal. We see no error on the part of the trial court in so instructing the jury. *Denton v. State* (1986), Ind., 496 N.E.2d 576. In the ordinary situation, the same jury would have tried the burglary charge and then been reassembled in a bifurcated proceeding to determine appellant's status as an habitual criminal. However, due to the appeal and the subsequent remand, the habitual criminal phase of the proceeding was tried before a new jury. It would have been totally confusing to that jury to be hearing nothing other than an habitual criminal allegation. *Id.* It was entirely appropriate for the court to instruct the jury on matters necessary for them to understand and render their verdict. *Rogers v. State* (1979), 272 Ind. 65, 396 N.E.2d 348.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.