**Rocky Dean BEAVERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 86S00–8608–PC–727.**

Supreme Court of Indiana.

Sept. 24, 1987.

Rehearing Denied Dec. 9, 1987.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from a denial of appellant's petition for post-conviction relief challenging his life sentence for first degree burglary and habitual offender status.

The facts are: On October 5, 1979, appellant was convicted of first degree burglary and subsequently found to be an habitual offender. That case was appealed to this Court. *Beavers v. State* (1984), Ind., 465 N.E.2d 1388. The burglary conviction was affirmed. However, the cause was remanded to the trial court for proper sentencing under the habitual offender statute. Pursuant to the Supreme Court mandate, the trial court re-sentenced appellant. That cause was appealed to this Court and recently affirmed. *Beavers v. State* (1987), Ind., 506 N.E.2d 1085.

The burglary, which led to this series of cases, occurred July 9, 1976. Two years later police arrested Robert Lee Stevens for the crime. He in turn implicated appellant, appellant's brother, who is now deceased, and appellant's nephew Charles "Eddie" Duh. Shortly after Stevens' arrest, Duh confessed that he also was involved in the burglary and was processed through juvenile court. Through a plea bargain, Stevens pled guilty to theft and was sentenced to two (2) years. He received shock probation after six months. Both Stevens and Duh testified at appellant's trial.

Appellant claims he was denied his fundamental confrontation right when the trial court disallowed cross-examination of witness Stevens concerning the probation-

ary conditions stemming from his plea bargain. It is appellant's position that one of the conditions of Stevens probation was "that he cooperate with the State of Indiana in regard to any criminal matters and in particular that he cooperate with the State of Indiana in regard to one Rocky Dean Bever [sic]." (Appellant in this case.) The trial court ruled that appellant could not cross-examine Stevens concerning the conditions of his probation. The post-conviction relief court correctly held that this was a matter well-known to appellant at the time of his original conviction and that the matter could have been raised on appeal. It is therefore not available in a post-conviction petition. *Dixon v. State* (1984), Ind., 470 N.E.2d 728.

 Appellant claims he was denied his fundamental confrontation right when the trial court curtailed cross-examination of witness Duh about his Missouri burglary conviction. This matter was known to appellant at the time of his conviction and in fact was presented to this Court in his original appeal. *Beaver, supra.* It is thus not available as a ground for post-conviction relief. *Dixon, supra.* Further, an issue which is raised and determined on appeal is not available through post-conviction relief. *Cambridge v. State* (1984), Ind., 468 N.E.2d 1047.

We would further point out that had the evidence of Duh's Missouri conviction been fully presented to the jury it would merely have been impeaching evidence. In addition, it would have been cumulative, in that during Duh's testimony he admitted that he was in fact a burglar. The post-conviction relief court was therefore justified in denying relief on this issue. *Shaffer v. State* (1983), Ind.App. 453 N.E.2d 1182.

Appellant claims he did not waive the foregoing issues by failure to raise them on direct appeal, in that he claims they were unknown to him at the time. He specifically addresses his argument to the Missouri conviction of Duh. However, it is abundantly clear from this record and from the prior opinion of this Court in appellant's original appeal, that he was in fact

aware of the situation. Petitioner himself stated during the post-conviction hearing that he was aware of Duh's criminal record at the time of his conviction.

We find that all matters attempted to be raised by appellant in his post-conviction relief petition had either been raised or could have been raised in his original appeal.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.