Rocky Dean BEAVERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 86S00–8904–PC–293.

Supreme Court of Indiana.

Feb. 19, 1990.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of post-conviction relief. In 1977, appellant was convicted of first-degree burglary and found to be a habitual offender. He originally was sentenced to a ten (10) to twenty (20) year term for burglary, which was enhanced by thirty (30) years by reason of his being a habitual offender.

The cause was appealed to this Court, *Beavers v. State* (1984), Ind., 465 N.E.2d 1388. In a unanimous opinion authored by Justice DeBruler, this Court found that the habitual offender statutes in force at the time the burglary was committed were Ind. Code § 35–8–8–1 and Ind.Code § 35–8–8–2. The Court found that the trial court erred in affixing appellant's enhanced time pursuant to Ind.Code § 35–50–2–8. The cause was remanded with instructions to the trial court to render a new sentence not inconsistent with the views of the opinion.

Pursuant to this mandate, the trial court assembled a new jury, evidence was submitted, appellant again was found to be a habitual offender, and pursuant to the proper statute, his sentence was enhanced to life imprisonment. That case was appealed and affirmed by this Court in *Beavers v. State* (1987), Ind., 506 N.E.2d 1085.

Appellant then addressed a post-conviction relief petition to the burglary conviction, and relief was denied. That denial was affirmed by this Court. *Beavers v. State* (1987), Ind., 512 N.E.2d 1106. In June of 1988, appellant filed his second petition for post-conviction relief, which petition was amended in August of 1988. In this petition, he again challenges his conviction and the enhanced life sentence by reason of his status as a habitual offender.

Following hearing on this last petition, the trial judge made very thorough findings of fact and conclusions of law followed by his judgment denying post-conviction relief.

■ Appellant now claims there is insufficient evidence to prove the habitual offender status. Appellant contends there is no proof that he in fact was guilty of two prior unconnected felonies. However, the record shows that State's Exhibit No. 3, a certified copy of the September 15, 1972 order book entry regarding sentencing, and State's Exhibit No. 4, a certified copy of a Department of Correction commitment order and a certified copy of a precommitment investigation report, clearly establish that appellant was convicted of theft in the Warren Circuit Court in 1972.

Appellant's identity was firmly fixed as to this conviction by the testimony of Sheriff James Brier and Detective William Nave, both of whom testified that appellant was the person convicted in that instance.

The State also presented documentary and testimonial evidence of two other felony convictions, sentences, and imprisonment—one in the Fountain Circuit Court on May 19, 1970 and the other in a Texas court on November 6, 1974. However, appellant claims that this evidence is insufficient because it does not show that succeeding felonies were committed after the sentence on the prior felony and that the sentence on a subsequent felony was rendered before the commission of the next felony.

■ Appellant confuses application of the two statutes with which this Court dealt in the first appeal. To support his position, appellant cites *Steelman v. State* (1985), Ind., 486 N.E.2d 523. However, *Steelman* was decided under Ind.Code § 35–50–2–8, which in fact sets out the requirements now argued by appellant. However, appellant was sentenced under the prior statute, Ind.Code § 35–8–8–1, which has no such requirement. That statute only requires that appellant be previously twice convicted and previously twice incarcerated for felonies in order to estab-

lish that he has the status of a habitual offender. This was done in the case at bar.

Appellant also attempts to argue that his second trial, as to his status as a habitual offender, amounted to double jeopardy. This issue was directly raised and decided in *Beavers, supra* at 506 N.E.2d 1085. This of course is not now available for further litigation. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201.

Appellant contends the trial court erred in failing to find that he was denied effective assistance of trial counsel. To support this claim, he maintains that his counsel failed to properly raise the former jeopardy issue. We see no merit whatsoever to this claim.

■ He also claims his counsel was incompetent because they did not challenge the sufficiency of the evidence used to establish his status as a habitual offender. As above pointed out, there is no defect in the presentation of such evidence. Therefore, a claim of incompetence of counsel cannot successfully be based upon that charge. *See Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

PIVARNIK, J., not participating.