**Rocky Dean BEAVERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 86S00–8904–PC–293.**

Supreme Court of Indiana.

Feb. 12, 1991.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

## PETITION FOR REHEARING

DeBRULER, Justice.

A judgment of the Warren Circuit Court, the Honorable Vincent F. Grogg, Special Judge, denying post-conviction relief was affirmed on appeal. *Beavers v. State* (1990), Ind., 550 N.E.2d 305. In this judgment, the trial court found that the redetermination of habitual offender status, which followed an appellate remand and retrial, *Beavers v. State* (1984), Ind., 465 N.E.2d 1388, which was affirmed on appeal, *Beavers v. State* (1987), Ind., 506 N.E.2d 1085, and which was even the subject of a prior post-conviction proceeding, *Beavers v. State* (1987), Ind., 512 N.E.2d 1106, was supported by sufficient evidence of the proper statutory sequence of prior convictions. Appellant has filed an application for rehearing claiming that the affirmance conflicts with this Court's opinion in *Cooper v. State* (1972), 259 Ind. 107, 284 N.E.2d 799. We grant rehearing to address this question and affirm.

The habitual offender statute in effect in 1976, the time of appellant's conduct constituting the offense of burglary of which he stands convicted and sentenced to a term of life imprisonment, is the former one, I.C. 35-8-8-1 and -2. In *Cooper*, 259 Ind. 107, 284 N.E.2d 799, this Court interpreted that statute to require that the commission of the second prior felony be subsequent to imprisonment for the first prior felony, and that the commission of the felony for which sentence enhancement is being sought be subsequent to imprisonment for the second prior felony.

In the case at bar, the State alleged and sought to prove three prior felony convictions: one in Fountain County in 1970, one in Warren County in 1972 and one in the State of Texas in 1974. Appellant contends that the State failed to offer sufficient proof that either the commission of the Warren County felony or the Texas felony occurred after his imprisonment for the Fountain County felony in 1970. The trial court entered a written finding that the acts resulting in the 1972 conviction occurred in the year 1972 based upon the testimony of two officers, one stating that "in 1972 [Beavers] was involved in a house break-in burglary and he was convicted" and the other responding "yes" to a leading question about "a crime [Beavers] was involved in in Warren County in 1972." This testimony, together with the documentary evidence presented, was sufficient to warrant the finding that the proof was sufficient to show that the commission of the Warren County felony occurred after imprisonment in 1970 on the first Fountain County felony. The *Cooper* case did apply here, was in fact applied by the trial court, and its requirements were satisfied.

Our approval of the trial court's finding with respect to the actual date of the commission of the felony resulting in the conviction in Warren County is not in

conflict with our previous opinions wherein we have held that, in the absence of a showing of the unavailability of proper certified records, parol evidence alone is insufficient to prove the fact of a prior conviction. *Washington v. State* (1982), Ind., 441 N.E.2d 1355; *Morgan v. State* (1982), Ind., 440 N.E.2d 1087. *Morgan* and the cases which have followed and applied it are properly understood to be based upon the premise that there is a legal requirement that the existence, nature, and date of judgments and sentences be memorialized and documented by official records. *Id.* The date upon which an offense may have been committed is in most instances to be found in the State's charging instruments, in transcripts of guilty plea proceedings, within the evidence admitted at trial and in the jury instructions given by the Court. Such date is not part of the fact of a prior conviction, the proof of which is restricted to authenticated documents.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

GIVAN, J., concurs in result with separate opinion.

GIVAN, Justice, concurring in result.

I concur in result in the denial of appellant's petition for rehearing. However, I would make the following observations. *Cooper v. State* (1972), 259 Ind. 107, 284 N.E.2d 799 was decided correctly on the facts of that case. While awaiting trial for burglary, Cooper escaped and was recaptured and charged with jailbreak. He subsequently pled guilty to both charges and was sentenced simultaneously on both charges by the trial court. This Court properly held that this did not comply with the statute then in force, Ind.Code § 35-8-8-1, which required that in order to be found a habitual offender, the defendant must be found to have been twice convicted and incarcerated on previous felonies.

The facts in *Cooper* show that he was incarcerated simultaneously for both crimes. Although the case states in dictum that the second offense must have been committed after the incarceration on the first offense, the statute then in force contained no such language. In examining the cases decided under the prior statute, I find no instance where the allegation or the proof placed any emphasis upon when either of the two prior felonies was committed. The only requirement was for prior separate convictions and incarcerations. The present statute, Ind.Code § 35-50-2-8, follows in subsection (b) the dictum in *Cooper;* thus such a requirement now is mandated.

In view of the change in the statute, this matter presently is of little moment. Nevertheless, I make these observations on the outside chance that this issue may arise in a future attempt to set aside a conviction under the old statute.