**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 14 2013, 8:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AUGUST TROTTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1203-CR-188 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48C01-1004-FD-127

**January 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

August Trotter struck a prison guard while incarcerated and was charged with Class D felony battery. After a jury convicted Trotter of battery, the State proceeded to introduce proof of his habitual offender status. To that end, the State produced documentary evidence of two prior unrelated felonies, which a witness authenticated and which was entered into evidence. The State's publication of the documents, however, did not provide any evidence regarding the sentencing dates for the prior convictions, which is required by the habitual offender statute. Concluding that the State failed to produce sufficient evidence to sustain the jury's habitual offender finding, we reverse the habitual offender finding and remand for resentencing, if the State chooses to pursue the matter.

**FACTS AND PROCEDURAL HISTORY**

On January 17, 2010, Trotter was incarcerated in the Correctional Industrial Facility in Pendleton. During an altercation at mealtime, Trotter punched Correctional Officer Mark Wilhite in the face, causing Officer Wilhite pain. On April 9, 2010, the State charged Trotter with Class D felony battery resulting in bodily injury but later amended the charge to battery of a Department of Correction ("DOC") employee. On February 2, 2012, the State added an allegation that Trotter was a habitual offender by virtue of unrelated convictions for theft in 1996, 2006, and 2008 and for fraud in 1999.

On February 8, 2012, a jury found Trotter guilty of battery of a DOC employee following the guilt phase of his bifurcated trial. Before the habitual offender phase of Trotter's trial, Trotter brought it to the trial court's attention that some of the State's exhibits had not been "sanitized" and that "there may be some objectionable parts." Tr. p. 206. The

2

trial court did not immediately rule on Trotter's objections to the material in the exhibits.

The State presented evidence through DOC Investigator Thomas Francum that Trotter had been convicted of fraud in cause number 49F09-98-DF-180699 ("Cause 699") in 1999 and of theft in cause number 49F18-0605-FD-77146 ("Cause 146") in 2006. State's Exhibit 3 consisted of documents related to Cause 699, and Investigator Francum testified that it showed that Trotter had been convicted of fraud on October 18, 1999, for acts committed on November 18, 1998. State's Exhibit 4 consisted of documents related to Cause 146, and Investigator Francum testified that it showed that Trotter had been convicted of theft on November 14, 2006, for acts committed on April 29, 2006. The trial court admitted State's Exhibits 3 and 4 with the understanding of both parties that no further publication to the jury of State's Exhibits 3 and 4 would occur until Trotter's objections to some material contained therein were evaluated and any necessary redactions performed. Neither Trotter nor the State pursued the issue further, and the jury never requested State's Exhibits 3 or 4 for examination. The jury found Trotter to be a habitual offender. The trial court sentenced Trotter to two years of incarceration for battery enhanced to six years by virtue of his habitual offender status.

## DISCUSSION AND DECISION

### Whether the State Produced Sufficient Evidence to Sustain the Jury's Determination that Trotter is a Habitual Offender

The sentence of a person convicted of a Class D felony may be enhanced by up to four and one-half years if he or she is found to be a habitual offender. Ind. Code § 35-50-2-8(h). The habitual-offender enhancement is available where the State proves beyond a reasonable

3

doubt that the defendant previously has been convicted of two unrelated felonies. Ind. Code

§ 35-50-2-8(a), -8(g).

> A person has accumulated two (2) prior unrelated felony convictions for purposes of this section only if:
> (1) the second prior unrelated felony conviction was committed after sentencing for the first prior unrelated felony conviction; and
> (2) the offense for which the state seeks to have the person sentenced as a habitual offender was committed after sentencing for the second prior unrelated felony conviction.

Ind. Code § 35-50-2-8(c).

The parties focus their arguments on the somewhat unusual method by which the State attempted to prove its case, namely, publishing documents related to Trotter's prior convictions through Inspector Francum's testimony rather than passing the documents to the jury for review. However, even if we assume that, in general, the method employed by the State to prove Trotter's habitual offender status could be considered acceptable,[1] we must

---

[1] Although the question is not before us, we wish to say a few words regarding the State's method of attempting to prove Trotter's habitual offender status.

> For almost 30 years, this Court has held that the State must introduce into evidence proper certified and authenticated records of the defendant's prior felony convictions in order to prove beyond a reasonable doubt the existence of those prior convictions. *See Morgan v. State*, 440 N.E.2d 1087, 1090-91 (Ind. 1982); *accord Powers v. State*, 617 N.E.2d 545, 547 (Ind. 1993) (Dickson, J., concurring); *Beavers v. State*, 566 N.E.2d 533, 535 (Ind. 1991), *modifying* 550 N.E.2d 305 (Ind. 1990); *Hall v. State*, 524 N.E.2d 1279, 1281 (Ind. 1988); *Ford v. State*, 523 N.E.2d 742, 745 (Ind. 1988); *Davis v. State*, 493 N.E.2d 167, 168-69 (Ind. 1986); *Driver v. State*, 467 N.E.2d 1186, 1187-88 (Ind. 1984); *Washington v. State*, 441 N.E.2d 1355, 1359-60 (Ind. 1982). In the absence of a showing by the State that such records are unavailable, parol evidence alone is not sufficient to prove the fact of prior convictions. *E.g.*, *Washington*, 441 N.E.2d at 1359-60; *Morgan*, 440 N.E.2d at 1090-91.

*Dexter v. State*, 959 N.E.2d 235, 238-39 (Ind. 2012).

While the State's evidence in the habitual phase was testimonial in nature, it was drawn almost entirely from the proper documents. Such parol evidence arguably does not fall within the rule of *Morgan* and its progeny. However, while the practice of publication through testimony might be *sufficient*, we cannot recommend it over allowing the jury to review the documents. Indeed, this case is an excellent illustration of

reverse the habitual offender finding in any event.

Quite simply, the State failed to present any proof regarding the sentencing dates for Trotter's prior felony convictions and so failed to produce evidence sufficient to sustain a finding that the convictions were unrelated. *See id.*; *McCovens v. State*, 539 N.E.2d 26, 31 (Ind. 1989) ("[T]he State must prove that the defendant had been twice convicted and twice sentenced for felonies, that the commission of the second offense was subsequent to his having been *sentenced* upon the first, and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been *sentenced* upon the second conviction.") (emphases added). Inspector Francum testified regarding the commission and conviction dates for Trotter's prior convictions but did not utter a word regarding sentencing dates for either. Moreover, the fact that in each case several years elapsed between conviction for the prior felony and commission of the next is not sufficient to sustain a habitual offender finding. *See McCovens*, 539 N.E.2d at 31 (Ind. 1989) ("A rational inference could be made that because appellant's prior convictions span nearly twenty years, they were committed in the sequence mandated by the statute. However, this Court has held that such inferences are not sufficient to support the imposition of an habitual offender status."). In light of the lack of proof of sentencing dates for Trotter's prior convictions, we must reverse the jury's habitual offender finding and the four-year sentence enhancement imposed by the trial court. The State, however, may retry Trotter on the

---

the pitfalls of publication by testimony, as State's Exhibits 3 and 4 contain the sentencing dates the State failed to publish through Inspector Francum's testimony. Had the State published the actual documents after agreeing on any necessary redactions with Trotter, remand likely would have been avoided.

5

habitual offender issue on remand if it so chooses. *See, e.g.*, *Dexter v. State*, 959 N.E.2d 235, 240 (Ind. 2012) ("[R]etrial on a sentencing enhancement based on a prior conviction is permitted even where the enhancement is reversed because of insufficient evidence.").

We reverse the judgment of the trial court on the habitual offender finding and remand for further proceedings.

NAJAM, J., and FRIEDLANDER, J., concur.